UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANDREW DEVRIES,

    Plaintiff,

v.                                                              CASE NO. 3:14-cv-485-J-MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Petition for Award of Attorney Fees under 42 U.S.C. § 406(b) ("Petition") (Doc. 27), filed by Plaintiff's counsel on October 18, 2016.  Plaintiff makes a timely request for an award of $17,652.98 in attorney's fees pursuant to Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b).  (*Id.*)  Defendant does not oppose the Petition.  (*Id.* at 3.)  For the reasons stated herein, the Petition is due to be **GRANTED**.

    **I.**    **Background**

On April 24, 2014, Plaintiff filed a Complaint in this Court, appealing the Commissioner's denial of Social Security Disability benefits.  (Doc. 1.)  On April 18, 2015, the Court reversed the Commissioner's decision and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 21.)  On August 10, 2015, the Court granted Plaintiff's Consent Petition for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §

2412(d), and awarded Plaintiff's counsel fees in the amount of $4,245.35 for 22.7 attorney hours.  (Doc. 24.)

On remand, the Commissioner issued a decision on May 4, 2016, finding Plaintiff disabled since June 23, 2009.  (Doc. 27-2.)  Pursuant to 42 U.S.C. § 406(b), the Commissioner set aside $21,652.98, which is 25 percent of Plaintiff's past-due benefits award exceeding $86,000.00, in escrow for the possible payment of attorney's fees.  (*See* Doc. 27-4.)  Plaintiff's attorney at the administrative level (Ms. Dumas) was incorrectly approved for a § 406(a) fee of $6,000 for her work.[1]  (Doc. 27 at 2.)  Plaintiff's attorney at the federal court level (Ms. Harrington) now seeks $17,652.98 ($21,652.98 minus $4,000.00), pursuant to the contingent fee contract with Plaintiff, less the previously awarded EAJA fee in the amount of $4,245.35, or a net fee of $13,407.63.[2]  (*Id.*)

---

[1] Attorney Dumas was advised by the Social Security Administration that the fee agreement was approved in error and that she would need to file a fee petition.  (Doc. 27 at 2.)  Ms. Dumas intends to submit a fee petition to the Commissioner for $4,000 as a § 406(a) fee.

[2] The contract, which is attached to the Petition, provides in part:
This is a contingent fee contract.  If Attorney prevails before the Federal Court, and if Claimant is subsequently awarded benefits by the Social Security Administration ("SSA"), Claimant agrees to pay Attorney a fee for Federal Court work equal to 25% of the past-due benefits.
. . .
If Claimant subsequently is awarded benefits after the remand from Federal Court, Claimant will owe Attorney the difference between the 25% specified above and the amount paid by SSA in accordance with EAJA.  Applicable regulations require approval by the Court of the fee requested, and the Court must determine if the fee is reasonable.
(Doc. 27-3.)

**II.     Standard**

Under 42 U.S.C. § 406(b), attorneys who secure a favorable result for their clients upon remand from federal court may petition the Court for a fee "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b)(1)(A).  In capping the fee at 25 percent, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

In *Gisbrecht*, the Supreme Court stated:

[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.* at 807.

The first place that the Court should turn to in assessing the reasonableness of a fee is the parties' fee agreement.  *Id.* at 808.  In conducting its independent check to ensure that a fee is reasonable, the Court may appropriately reduce the fee for a number of reasons, including "the character of the representation and the results the representative achieved," any delay caused by counsel "so that the attorney will not profit from the accumulation of benefits

3

during the pendency of the case in court," and/or benefits that "are large in comparison to the amount of time counsel spent on the case." *Id.*

> In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.*

### III.  Analysis

The contingency fee contract in this case provides that Plaintiff agreed to pay his attorneys 25 percent of his past-due benefits.  (Doc. 27-3.)  Plaintiff's counsel's request for an award of 25 percent of Plaintiff's past-due benefits, pursuant to that contract, less any § 406(a) fees and EAJA fees, is within the statutory maximum.  Therefore, the Court finds the contract presumptively reasonable.

Moreover, the Court finds no reason to reduce the amount of the requested fee.  First, with respect to the character of the representation and the results achieved, the Court notes that Plaintiff's counsel provided professional and skilled representation, resulting in an award of past due benefits in excess of $86,000. The Court also finds that counsel promptly prosecuted this case and created no undue delay.

Further, the Court does not find the requested fee to be disproportionately

large in relation to the total amount of time counsel spent on this case (22.7 hours).  While counsel's rate in this case equates to approximately $590 per hour (after reimbursement of the EAJA fee) or $777 per hour (before reimbursement of the EAJA fee), such rates are in line with the rates awarded in other contingency fee cases and, therefore, will not lead to a windfall.[3]  *See, e.g.*, *Foster v. Astrue*, 3:08-cv-960-J-12JRK (Doc. 46) (M.D. Fla. Jan. 4, 2012) (adopting a magistrate judge's report and recommendation and approving a contingency fee, which amounted to $1,025.28 per hour, as reasonable under § 406(b)); *Howell v. Astrue*, 3:06-cv-438-J-MCR (M.D. Fla. Jan. 5, 2009) (finding an hourly rate of $625 reasonable based on a 2.5 multiplier); *McKee v. Comm'r of Soc. Sec.*, 2008 WL 4456453, *6-7 (M.D. Fla. Sept. 30, 2008) (approving a contingency fee, which amounted to $1,100 per hour, as reasonable under § 406(b)); *Watterson v. Astrue*, 2008 WL 783634, *1-2 (M.D. Fla. Mar. 21, 2008) (finding a contingency fee, which amounted to $1,089.66 per hour, to be reasonable under § 406(b)); *Vilkas v. Comm'r of Soc. Sec.*, 2007 WL 1498115, *2 (M.D. Fla. May 14, 2007) (finding a contingency fee, which amounted to $1,121.86 per hour, to be reasonable under § 406(b)); *Bergen v. Barnhart*, 6:02-cv-458-Orl-22KRS (Docs. 26, 36) (M.D. Fla. Sept. 21, 2006) (approving a contingency fee translating to an award of $1,116.11 per hour under § 406(b)).

---

[3] As the Commissioner has not objected to the instant fee request, this decision should not be viewed as precedent in a case where the rate is contested.

There are no other potential reasons to reduce the fee. Therefore, because the Court finds the contingency fee contract reasonable and because there is no reason to reduce the amount of the requested fee, Plaintiff's counsel will be awarded a net fee of $13,407.63.

Accordingly, it is **ORDERED**:

1. The Petition (**Doc. 27**) is **GRANTED**. The Commissioner shall pay to Plaintiff's attorney, Ms. Harrington, the sum of $17,652.98 for § 406(b) fees, out of Plaintiff's past-due benefits.

2. The Clerk of Court shall enter judgment accordingly.

3. Ms. Harrington shall refund the EAJA fee in the amount of $4,245.35 to Plaintiff upon receipt of the § 406(b) fees.

**DONE AND ORDERED** at Jacksonville, Florida, on November 21, 2016.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record